IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James Carl Whaley,<br><br>Plaintiff,<br><br>v.<br><br>Kiersten Dominic,<br><br>Defendant. | Case No. 4:26-cv-02011-DCC<br><br><br><br>**ORDER** |

This matter is before the Court on Plaintiff's complaint alleging violations of his civil rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On May 21, 2026, the Magistrate Judge issued a Report recommending that this action be dismissed without prejudice and without issuance and service of process. ECF No. 9. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed a motion for leave to amend the complaint.[1] ECF No. 11.

[1] Plaintiff also filed two letters. ECF Nos. 13, 15. Neither letter addresses the Report or Plaintiff's motion; accordingly, they have been reviewed but have not been considered in ruling on this matter.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. Plaintiff is civilly committed pursuant to the Sexually Violent Predator Treatment Program and his allegations concern his yearly review. As stated above, Plaintiff did not file objections but did file a motion for leave to amend the complaint. Accordingly, the Court will first address Plaintiff's motion.

Rule 15(a) requires that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on

the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir.1986) (construing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

Here, amendment would be futile. Plaintiff makes various allegations regarding his annual review under the Sexually Violent Predator Act. While the allegations in the proposed amended complaint were not before the Magistrate Judge, the Court finds that his analysis is still instructive. Specifically, the undersigned finds that the proposed amended complaint, like the initial complaint, fails to present allegations that Plaintiff was subjected to constitutionally insufficient procedures with respect to his continued detention. *See Ridley v. Gaffney*, C/A No. 1:21-cv-00997-MBS-SVH, 2022 WL 5236042 at *16 (D.S.C. May 18, 2022); *Cyr v. McMaster*, C/A No. 8:24-cv-6067-DCN-WSB, 2025 WL 4417353, at *11 (D.S.C. Nov. 5, 2025), *report adopted sub nom.*, 2025 WL 4417890 (D.S.C. Dec. 17, 2025). Moreover, Plaintiff "has no liberty interest in the underlying procedure for determining whether he is ready for release . . ." and "has no liberty interest in his treatment plan and the procedures adopted by the [State] to determine whether he should be released from civil commitment." *Frye v. Wilson*, 2024 WL 3905816, at *9 (E.D. Va. Aug. 22, 2024). "[T]he Supreme Court of South Carolina has upheld the SVPA and its procedures as a constitutionally valid exercise of the State's power to protect its citizens from sexually violent predators." *Tyler v. Wilson*, No. 4:24-cv-03689-MGL-MHC, 2024 WL 4393249, at *5 (D.S.C. Sept. 3, 2024), *report adopted*, 2024 WL 4381484 (D.S.C. Oct. 3, 2024). In addition to the allegations regarding his annual review, Plaintiff generally alleges that Defendant violated his Fourteenth Amendment rights "by

conducting an unreasonable search of James medical files." ECF No. 11-1 at 2. Plaintiff does not elaborate or provide any additional factual support. Accordingly, he has failed to state a plausible claim for relief. Thus, the Court finds that any amendment would be futile and denies the motion for leave to amend the complaint.

Turning to the Report, while Plaintiff did not file objections, under the circumstances and out of an abundance of caution for a pro se party, the Court has reviewed the Report, the record, and the applicable law de novo. Upon such review, the Court agrees with the recommendation of the Magistrate Judge.

This action is **DISMISSED** without prejudice, without issuance and service of process, and without leave to amend as it appears that any amendment would be futile.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

November 5, 2026
Spartanburg, South Carolina